WEIR & PARTNERS LLP
A Pennsylvania Limited Liability Partnership
BY:   CAROLYN C. LINDHEIM, ESQUIRE
457 HADDONFIELD ROAD, SUITE 420
CHERRY HILL, NJ 08002
(856) 740-1490
(856) 740-1491 (Facsimile)
ATTORNEY ID NO.: 017141987
*Attorney for Defendant, PNC Bank, National Association, for itself and as successor in interest to National City Bank and First Franklin Financial Corporation*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MCINTYRE BLONDEL, ET AL | : | Case No. 2:13-cv-05614-CCC-MAH |
| | : | |
| Plaintiffs | : | **CERTIFICATION OF CAROLYN C.** |
| | : | **LINDHEIM IN SUPPORT OF** |
| vs. | : | **MOTION TO SET DEADLINES FOR** |
| | : | **PLAINTIFFS TO RETAIN NEW** |
| BANK OF AMERICA, N.A., ET AL | : | **COUNSEL** |
| | : | |
| Defendants | : | **Document Filed Electronically** |

**CAROLYN C. LINDHEIM, ESQ.**, of full age, hereby certifies as follows:

1. I am a partner at the firm Weir & Partners LLP, located at 457 Haddonfield Road, Suite 420, Cherry Hill, New Jersey 08002, and am counsel to PNC Bank, National Association ("PNC").

2. I make this Certification on my personal knowledge in support of Defendant's Motion to Set Deadlines for all Plaintiffs to Retain New Counsel and to enter Substitutions of Counsel.

3. This matter was initially filed in Union County and removed to this Court on or about September 20, 2013. (DE #30).

4. On October 10, 2013, Defendants Bank of America, N.A. and Countrywide Home Loans, Inc. filed a Motion to Dismiss and to Drop Plaintiffs. (DE #87).

5. Subsequently, all Defendants in this matter joined in the Motion to Drop Plaintiffs and to Dismiss Plaintiffs' Complaint.  (DE #88-104).

6. On October 19, 2013, Plaintiffs filed a Motion to Remand.  (DE #105).

7. On November 4, 2013, Defendants Bank of America, N.A. and Countrywide Home Loans, Inc. filed their Memorandum in Opposition to the Motion to Remand.  (DE #118).

8. Simultaneously, the other Defendants in this matter filed letters joining in the Memorandum in Opposition to the Motion.  (DE #119-134).

9. On May 27, 2014, the Honorable Claire C. Cecchi entered an Order administratively terminating Defendants' pending Motion to Dismiss ordering that "Defendants may refile once the issue of remand is decided."  (DE #165).

10. On July 15, 2014, a telephone status conference was held by Magistrate Judge James B. Clark.  At the conclusion of the status conference, Magistrate Judge Clark entered an order scheduling Plaintiffs to refile their Motion to Remand by August 15, 2014 and Magistrate Judge further set forth a status conference to be held on October 30, 2014 at 10:00 A.M.  (DE # 171).

11. On August 13, 2014, Defendants, through Scott Kaiser, Esquire, filed a letter advising the Court that on August 11, 2014, Defendants became aware of an action pending in the Middle District of Florida in which a temporary restraining order had been entered enjoining The Resolution Law Group from continuing to represent the Plaintiffs in that and any other mass joinder action.  (DE #172).

12. Subsequently on August 27, 2014, Jean Lahiff, Esquire, counsel for Plaintiffs, filed a letter with this Court advising the Court that the Receiver in the Florida matter had

requested that the Court stay the proceedings in this matter for a sufficient period of time to permit the Plaintiffs to make arrangements for counsel to represent them. (DE #173).

13. To date, Plaintiffs have failed to refile their Motion to Remand and have failed to substitute counsel in this matter.

14. In a similar case brought by The Resolution Law Group now pending before the Honorable Kevin McNulty, *Zuniga v American Home Mortgage*, Civ. Action. No. 14-2973, Magistrate Judge Madeline Cox Arleo recently issued a letter order to all Plaintiffs in that case advising that the United States District Court for the District of Florida entered an order enjoining the Resolution Law Group, PC from continuing to represent each plaintiff in that case. Magistrate Arleo has scheduled a hearing for October 20, 2014 in Newark at which each Plaintiff or Plaintiffs' new counsel is directed to attend. A true and correct copy of Magistrate Judge Arleo's order is attached hereto as Exhibit "A".

15. Because Plaintiffs failed to refile their Motion to Remand, no deadline has been set for Plaintiffs to retain new counsel in this matter, and a telephone status conference is scheduled for October 30, 2014, Defendant is respectfully requesting that this Court enter an Order setting a deadline by which Plaintiffs must retain new counsel and file substitutions of counsel with the Court so that this matter can move forward. This matter is essentially stayed. Defendants will be prejudiced if this matter remains stayed due to the fact that Plaintiffs have not engaged new counsel to pursue this litigation.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

s/ Carolyn C. Lindheim

Dated: October 17, 2014