**UNITED STATES DISTRICT COURT**

DISTRICT OF NEW JERSEY

(973) 776-7700

CHAMBERS OF
**JAMES B. CLARK, III**
UNITED STATES MAGISTRATE JUDGE

**U.S. COURTHOUSE**
2 FEDERAL SQUARE, ROOM 369
NEWARK, NJ 07101

February 11, 2015

**<u>LETTER ORDER</u>**

Re:   **<u>Blondel, et al. v. American Mortgage Network, Inc., et al.</u>**
      **Civil Action No. 13-5614 (CCC)**

Dear Counsel and all Plaintiffs:

As you are aware, an in-person hearing was held in the above-captioned matter on January 13, 2015 to discuss the manner in which this case will proceed in light of the termination of Plaintiffs' counsel, The Resolution Law Group.   Out of the 98 named Plaintiffs in this matter, 17 appeared in person, with each Plaintiff having represented to the Court that he or she wishes to move forward with their claims.   Three additional Plaintiffs have written letters (attached hereto as Exhibits) to the Court stating that they were unable to appear in-person at the hearing, but wish to continue with the case.   Three more Plaintiffs have written to the Court stating that they do not wish to move forward with the case.   All remaining Plaintiffs have failed to appear at the conference and have failed to contact the Court in writing.   As such, pursuant to the Court's December 10, 2014 Order, it shall be recommended to the District Court (by way of separate Order) that those Plaintiffs be dismissed from this matter without prejudice.

As to the Plaintiffs who appeared and have expressed their interest in moving forward, no Plaintiff has as of yet secured new counsel.   Plaintiffs are advised that they may continue to seek counsel and that, once retained, new counsel can make an appearance on behalf of any Plaintiff at any time.   However, in the interim, you shall continue to proceed *pro se*, which comes with all the

responsibilities of acting as your own attorney in federal court.   While it is well settled that *pro se*

litigants should be afforded a certain degree of leniency, due to their unfamiliarity with the judicial

process, *pro se* litigants are still "bound by this Court's orders, local rules, policies and procedures,

as well as the Federal Rules of Civil Procedure." *N'Jai v. Pittsburgh Bd. of Pub. Educ.*, 2011 U.S.

Dist. LEXIS 40121 at *3 (W.D. Pa. Apr. 13, 2011). *See also Haines v. Kerner*, 404 U.S. 519, 520-21

(1972); *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).   In this regard, "proceeding *pro se*

does not shield a litigant from personal responsibility" and "a *pro se* plaintiff is responsible for his

[or her] failure to attend a pretrial conference or otherwise comply with a court's orders." *Colony Ins.*

*Co. v. Kwasnik, Kanowitz & Assocs., P.C.*, 2013 U.S. Dist. LEXIS 131514 at *9 (D.N.J. Aug. 23,

2013); *Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008).

        In order to help facilitate Plaintiffs' transition from represented parties into *pro se*

litigants, the Court encourages Plaintiffs to reference the Procedural Guide for *Pro Se* Litigants,

which can be found on the Court's website www.njd.uscourts.gov under the tab "Filing Without an

Attorney".   In that packet there is a form entitled "Consent & Registration Form to Receive

Documents Electronically".   Some of you expressed concern over the reliability of receiving all

correspondence through regular mail alone.   This would allow you to receive electronic notification

of all filings in this matter at the email address of your choice.

        Turning to the complaint filed in this matter, the Court notes that the individual claims of

all 98 Plaintiffs have been aggregated together into one complaint.   As such, it unlikely that each

Plaintiff would have claims against every Defendant.   In this regard, the Court is directing that each

Plaintiff file a letter with the Court by **March 15, 2015**, identifying only that Defendant or those

Defendants which they have claims against.   Upon receipt of these letters, the Court shall thereafter

recommend dismissal of any Defendant not specifically identified, and shall direct the remainder of

identified Defendants to move, answer, or otherwise respond to Plaintiffs' complaint by a date certain.

Lastly, the Court is aware that currently pending is a motion by Defendants for the Court to set deadlines for Plaintiffs to retain new counsel. *See* Docket Entry No. 176.   In light of the rulings made herein, the Court finds that Defendants' motion moot and shall therefore deny the motion on those grounds.

**IT IS SO ORDERED.**

**IT IS FURTHER ORDERED THAT THE CLERK OF THE COURT TERMINATE THE AFOREMENTIONED MOTION [DOCKET ENTRY NO. 176] ACCORDINGLY.**

         s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**