## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **MCINTYRE BLONDEL, et al.** | : | **Civil Action No. 13-5614 (CCC)** |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **REPORT & RECOMMENDATION** |
| | : | |
| **AMERICAN MORTGAGE NETWORK, INC., et al.,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**CLARK, Magistrate Judge**

This matter has been opened by the Court based on letters received from several Plaintiffs and Defendants in accordance with the Court's February 11, 2015 Order [Docket Entry No. 194]. For the reasons that follow, it is respectfully recommended that the following Plaintiffs and Defendants be dismissed without prejudice.

## BACKGROUND

On June 11, 2013, The Resolution Law Group, P.C. filed a complaint in state court on behalf of ninety-eight (98) Plaintiffs against thirty-eight (38) Defendants (all mortgage banks, lenders and servicers) in connection with residential loans the Plaintiffs obtained. The case was thereafter removed to federal court on September 30, 2013.   On October 10, 2013, Defendants Bank of America, N.A. and Countrywide Home Loans, Inc. (collectively "BOA") filed a motion to dismiss Plaintiffs' complaint. [Docket Entry No. 87]   Nearly every other Defendant joined in BOA's motion, which was unopposed by Plaintiffs.   However, the motion was administratively terminated by the Honorable Claire C. Cecchi, pending resolution on Plaintiffs' motion to remand, which was to be filed by August 15, 2014.

On August 13, 2015, it was brought to the Court's attention that the Middle District of Florida issued an *ex parte* temporary restraining order enjoining Plaintiffs' counsel from continuing to represent Plaintiffs in this or any other case. *See* Docket Entry No. 172.   In light of that Order, the Court terminated The Resolution Law Group, P.C. as counsel for Plaintiffs and each Plaintiff was therefore deemed to be proceeding *pro se. See* Docket Entry No. 180.   The Court then held an in-person status conference on January 13, 2015 for the purpose of determining which Plaintiffs wished to move forward with their case.

As discussed in the Court's February 11, 2015 Order following that conference, twenty (20) Plaintiffs notified the Court of their intention to proceed with this matter.   The Court then directed those Plaintiffs to write a letter to the Court identifying the Defendant(s) which they have claims against.   The Court admonished that Plaintiffs who failed to respond to Court orders would be subject to dismissal.   The Court further stated that any Defendant not specifically identified would also be recommended for dismissal from this matter.   Those dismissals are the purpose of this Order.

In accordance with the Court's February 11th Order, ten (10) Plaintiffs filed letters identifying those Defendants which they intended to proceed against. *See* Docket Entry Nos. 195-203. Moreover, a number of those Defendants which had not been identified requested to be dismissed from this matter. *See* Docket Entry Nos. 208-209, 213.

## ANALYSIS

### A.     DISMISSSAL OF PLAINTIFFS

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to respond to court orders and for failure to prosecute a case.   *See* FED.R.CIV.P. 37(b)(2), 41(b).

2

In both instances, dismissal may be an appropriate penalty.   *Id.*

In *Poulis v. State Farm Casualty Co.*, 747 F.2d at 863 (3d Cir. 1984) the Third Circuit identified six factors for courts to balance when deciding whether to impose an involuntary order of dismissal.   The *Poulis* factors are:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Id.* at 868.   No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met.   *See Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).   If a court finds dismissal appropriate under *Poulis*, it may dismiss an action *sua sponte*, pursuant to its inherent powers and Federal Rule of Civil Procedure 41(b).   *See Iseley v. Bitner,* 216 Fed App'x 252, 254-55 (3d Cir. 2007) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

**1. Plaintiffs' Personal Responsibility.**   In this particular case it is difficult to find Plaintiffs wholly responsible for their failure to comply with Court Orders, due to the fact that many thought they were being represented by The Resolution Law Group, P.C.   A number of Plaintiffs never foresaw the possibility that they might have to proceed without counsel, and the Court is mindful of that fact.   The Court is also aware that several Plaintiffs may have no knowledge of the current posture of this matter, as several mailings have been received as undeliverable. *See* Docket Entry Nos. 182-187.   However, logistically, the Court simply cannot move this case forward on behalf of Plaintiffs who are not present to prosecute this matter.   As such, the Court shall make its recommendation to be dismissal without prejudice.

3

    **2.   Prejudice to Defendants.**   Permitting this case to go forward in its entirety would significantly prejudice Defendants.   As evidenced by the letters received from the 10 Plaintiffs, a number of Defendants should not even be in this case and it would be remiss if the Court were to allow this case to go forward against them.

    **3.   History of Dilatoriness.**   Notwithstanding the Court's sympathies as outlined above, it is a fact that several Plaintiffs have failed to respond to Court Orders and to appear at the January 13th hearing.   Plaintiffs' inaction in this regard further supports dismissal of their claims.

    **4.   Willfulness or Bad Faith.**   The Court will not conclude that Plaintiffs have proceeded in bad faith or even that the conduct has been willful.   However, the failure of the majority of Plaintiffs to respond to the Court's Orders suggests that Plaintiffs have abandoned their case and further support dismissal as the appropriate remedy.

    **5.   Effectiveness of Alternative Sanctions.**   The Court is convinced that alternative sanctions would be futile.   Despite numerous chances, and despite this Court's warning of the consequences of continued inaction, many Plaintiffs have failed to participate in and prosecute this case.   On these facts, no lesser sanction would be effective.   *See Joyce v. Continental Airlines, Inc.*, 2011 WL 2610098 (D.N.J.).

    **6.   Meritoriousness of the Claims.**   The Court is unable to determine the meritoriousness of Plaintiff's claim at this juncture

**B.**      **DISMISSAL OF DEFENDANTS**

    As indicated in the Court's February 11th Order, the Court shall recommend the dismissal of any Defendant not specifically identified in Plaintiffs' letters.

## **CONCLUSION**

The Court having considered this matter pursuant to FED.R.CIV.P. 78 and having given

consideration of the *Poulis* factors;

IT IS on this 28th day of April, 2015,

RECOMMENDED that the following Plaintiffs be DISMISSED WITHOUT

PREJUDICE pursuant to FED.R.CIV.P. 41(b):

| | | | |
|---|---|---|---|
| McIntyre Blondel | Elaine Frances | Douglas Manumaleuga | Gustavo Rivera |
| Doreen Blondel | Yvonne Fraser* | Mark Marra | Cynthia Roberts |
| Matt Andreaccio | Jeffrey Frey | Sinkeletica Mathew | Christine Schimpf |
| Eric Arendash | David Fritz | John Mathew | Juliet Seymour |
| Penny Bigelow | William Gary | Latoya McFields | Vijay Shankar |
| David Buchanan | Wilbur Gibson | Joseph McGinley | Jeff Sheriff |
| Troy Cairns | John Gill | Pamela Miller | Paul Shin |
| Steven Campos | Kathleen Graham | Angela Molina | Hea S. Park |
| Richard Caselli | Lula Gross | Albert Murphy | Ahelia Singh |
| Manuel Castillo | Randall B. Hays | John Nataluk | Joseph Snider |
| Tony Coleman | Douglas Howanich | Rodney Taylor | Kent Spencer |
| Danny Curry | Dan Huntzicker | Soloman Nwachukwu | Allison Stoveken |
| Helen Davis | Syed Hussain | Louis Nwokeocha | Sharon Thompson |
| Thomas DeQuatro | Clovis Jones | Alfredo Olmedo | Albert Travis |
| Steven Dowling | Gregory Jones | Elisabeth Opraseuth* | Edanna Valdez |
| Nathaniel Ennels | Haroon Khan | Karn Parfait | Sharron Webb |
| Lola Ennels | Heinz Kinda | David Pettis, Jr. | Annie Webb |
| Kristin B. Etheredge | Todd King | Michael Podgurski | Jeremiah Welsh |
| Donna Ferguson | Willie Lumpkin | Vidyawatte Pulchan | Jacqueline Wheeler* |
| Leonard Fernandez | Erin Lunstead | Adem Rastoder | Danyelle Williams |
| Tracey Foxx | Frank Macias | Julia Ravenell | Ronald Willis |
| | | | Michael Young |

*denotes Plaintiffs who have written to the Court requesting to be dismissed.

It is further RECOMMENDED that the following Defendants be dismissed WITHOUT PREJUDICE:

| | |
|---|---|
| Suntrust Mortgage Inc. | New Century Mortgage Corporation |
| Specialized Loan Services, LLC | OneWest Bank, FSB |
| American Mortgage Network, Inc. | Quicken Loans, Inc. |
| Aurora Loan Services, LLC | Residential Credit Solutions, Inc. |
| Capital One Home Loans, LLC | Seterus, Inc. |
| Cenlar, FSB | Vericrest Financial, Inc. |
| Decision One Mortgage Company, LLC* | Walter Investment Management Corporation* |
| First Magnus Financial Corporation | Merscorp Holdings, Inc. |
| First Mariner Bank | ING Bank, FSB |
| Flagstar Bancorp, Inc. | HSBC Bank USA, N.A.* |
| Greenpoint Mortgage Funding, Inc. | Marix Servicing LLC* |
| Green Tree Servicing, Inc.* | Morgan Stanley Private Bank, N.A. |
| Guardian Loan Company of Massapequa, Inc. | |

*denotes Defendants who have written to the Court requesting to be dismissed.[1]

Parties are advised that they may file an objection within 14 days of the date of this Order pursuant to FED.R.CIV.P. 72(b)(2).

s/James B. Clark, III
**HONORABLE JAMES B. CLARK, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The Court notes that Defendants Bank of America, N.A. and Countrywide Home Loans, Inc. have requested that the Court dismiss any claims of other active Plaintiffs who have not specifically identified them as a Defendant.   To assuage Defendants' concerns, the Court shall limit the claims of the active Plaintiffs to those Defendants which they specifically identified in their letters.